O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0064 AHM (DTBx) | | Date | January 26, 2010 |
|---|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al.* v. ONEWEST BANK, FSB, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

Plaintiffs Olivia C. Newman and Michael K. Newman filed an action in state court against Defendants Onewest Bank, FSB ("OneWest"); Indymac Federal Bank, FSB ("Indymac Bank"); MTC Financial Inc., dba Trustee Corps ("MTC"); Franklin Bank, SSB ("Franklin"); Indymac Mortgage Services, FDIC as Receiver of Indymac Federal Bank # 10007 ("Indymac Mortgage"); and Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee on behalf of the Certificate holders of The Residential Asset Securitization Trust 2006-A16, Mortgage Pass-Through Certificates Series 2006-P, as assignee of Mortgage Electronic Registration Systems Inc. ("MERS").  MTC filed a timely notice of removal ("NOR") on January 13, 2010, in which Defendants OneWest (also erroneously sued as Indymac Mortgage), Deutsche Bank, and MERS joined. However, the Notice does not show the Court that Defendant Franklin and Indymac Bank have joined in the NOR. (The Court is aware that Indymac Bank was placed into receivership, but the NOR does not specifically indicate whether OneWest has also taken over Indymac Bank—or just Indymac Mortgage.)  The NOR also does not indicate whether either of these Defendants has been served in the state court action.

Even in the absence of an objection, a federal court must determine its own jurisdiction.  *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996).  Furthermore, the removal statute is strictly construed against removal and the burden of establishing jurisdiction rests on the party invoking the statute — here the removing Defendant. *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990).

Usually, all defendants in the state action must join in the notice of removal. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).  "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | January 26, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al.* v. ONEWEST BANK, FSB, *et al.* | | |

attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, —F.3d—, 2009 WL 3260535 at *11 (9th Cir. Oct. 9, 2009). However, the removal notice here is entirely silent as to whether Defendants Franklin and Indymac Bank consent to removal.

An exception to the general rule that all defendants must join in removal is when a defendant has not yet been served in the state court action. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Unserved defendants need not join the notice of removal. *Id.*

Here, the removing Defendants have failed to show that Defendants Franklin and Indymac Bank have joined in removal or that they have not been served in the state action. The removing Defendant, MTC, is therefore ORDERED to SHOW CAUSE in writing by not later than February 2, 2010 why this case should not be remanded due the lack of consent by all named defendants. Failure to respond on or before that date will be construed as consent to remand.

|  | : |
|---|---|
| Initials of Preparer | SMO |