O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

     This action is before the Court on two motions to dismiss. For the reasons stated below, the Court GRANTS the motions to dismiss,[1] but with leave to amend all claims except for the RESPA claims arising under 12 U.S.C. §§ 2707 and 2708, and the claims that Plaintiffs voluntarily agreed to abandon.

## I.    FACTS

     On December 22, 2009, Plaintiffs Olivia C. Newman and Michael K. Newman (collectively, "Plaintiffs") filed this action against Defendants Onewest Bank, Indymac Mortgage Services; Deutsche Bank National Trust Co.; Mortgage Electronic Registration Systems, Inc.; MTC Financial Inc. d/b/a Trustee Corps.; Franklin Bank SSB; and Does 1-1000 (collectively, "Defendants"). Plaintiffs' claims arise out of a transaction with Franklin Bank on June 7, 2006 to refinance an existing loan in connection with the property located at 42546 Devant Circle in Temecula, California (the "Property").

     Defendant MTC Financial, Inc. ("MTC") filed a motion to dismiss and strike the prayer for punitive damages. Defendants OneWest Bank, FSB ("OneWest"),[2] Deutsche Bank National Trust Co. ("Deutsche") and Mortgage Electronic Registration Systems, Inc. ("MERS") collectively filed a separate motion to dismiss or in the alternative for a more definite statement. Collectively, all of these defendants are referred to as the "Moving Defendants."

---

[1] Docket Nos. 6 and 9.

[2] OneWest claims it was also erroneously sued as Indymac Mortgage Services.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. | | |

In their opposition, Plaintiffs agree to dismiss their third claim under TILA, and to dismiss certain defendants in certain claims. (Opp'n at 7.) Thus, the only claims and defendants that remain are:

| Claim | Defendants |
|---|---|
| One [Quiet Title] | One West, IndyMac, Deutsche |
| Two [Wrongful Foreclosure] | One West, IndyMac, Deutsche, MERS, MTC |
| Four [RESPA] | Franklin Bank, One West, IndyMac |
| Five [ Fraud] | All Defendants |
| Six [Negligent Misrepresentation] | All Defendants |
| Seven [Unfair Debt Collection Practices] | One West, IndyMac, Deutsche |
| Eight [ Breach of Covenant of Good Faith and Fair Dealing] | Franklin Bank, One West, IndyMac, Deutsche, MTC |
| Nine [Unfair Business Practices] | All Defendants |
| Ten [Injunctive and Declaratory Relief] | OneWest, IndyMac, Deutsche, MERS, MTC |

## II.     LEGAL STANDARD ON A 12(b)(6) MOTION TO DISMISS

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. | | |

*of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"Two working principles underlie . . . *Twombly*." *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "First, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. | | |

omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

### III. DISCUSSION

#### A. Claim One [Quiet Title]

In their first count, Plaintiffs seek to quiet title against the claims of all of the defendants to this action, claiming that the defendants have "no estate, right, title, or interest" in the Property and that the defendants "be forever enjoined from asserting any right, title, or interest in the" Property. (Compl. ¶¶ 31-33.)

A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. Cal. Code Civ. Proc. § 761.020. "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" *Santos v. Countrywide Home Loans*, No. Civ. 2:09-02642 WBS DAD, 2009 WL 3756337, at *4 (E.D.Cal. Nov. 6, 2009) (quoting

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. | | |

*Kelley v. Mortgage Elec. Reg. Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Watson v. MTC Financial, Inc.*, No. 2:09-CV-01012 JAM, 2009 WL 2151782 (E.D. Cal. Jul. 17, 2009) (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934)). Plaintiffs do not allege that they have paid the debt secured by the mortgage; they allege only that they are the "owners of record" of the Property. This allegation, standing alone, does not offer a valid basis for Plaintiffs' rightful ownership in the Property. *See also Gaitan v. Mortgage Electronic Registration Systems*, No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729 (C.D. Cal. 2009) at *12 ("Since Plaintiff concedes he has not paid the debt secured by the mortgage, he cannot sustain an action to quiet title[.]"). Accordingly, Plaintiffs' first claim for quiet title is dismissed. Leave to amend is granted only if Plaintiffs can allege, consistent with Fed. R. Civ. P. 11, that they have paid off the debt.

### B.     Claim Two [Wrongful Foreclosure]

Plaintiffs' second claim alleges wrongful foreclosure in violation of Cal. Civ. Code § 2924 *et seq*. In their opposition to the motion to dismiss, Plaintiffs set forth new facts and allegations against Defendants on this count, and ask for leave to amend. Accordingly, the Court dismisses this claim with leave to amend.

### C.     Claim Three [TILA]

Plaintiffs have agreed to dismiss their TILA claims.

### D.     Claim Four [RESPA]

Plaintiffs' RESPA claim is now based on allegations that (1) OneWest, Indymac, and Franklin Bank accepted unearned fees, kickbacks, or other things of value from the other Defendants for rendering services to the loan, in violation of 12 U.S.C. § 2607 (FAC ¶ 54), and (2) Onewest, IndyMac, and Franklin Bank failed to respond to a Qualified Written Request ("QWR") pursuant to § 2605 (FAC ¶ 56).

Private plaintiffs have a three-year limitations period for suits alleging a violation of § 2605, and a one-year limitations period for violations of §§ 2607 and 2608. Except for Plaintiffs' RESPA claim that certain defendants failed to respond to their QWR, all of

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|

| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. |
|---|---|

their RESPA claims arise under § 2607 and are therefore time-barred.[3]

      Defendants argue that Plaintiffs fail to state a claim under RESPA because they do not allege to whom the requests were addressed, the subject matter of the correspondence or Plaintiffs' reasons for disputing the amount due on the loan. A QWR is statutorily defined as a "written correspondence [that] includes, or otherwise enables the servicer to identify, the name and account of the borrower," and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Plaintiffs have not alleged that the communication they sent meets this definition. *See, e.g.*, *Velasquez v. U.S. Bank Nat. Ass'n*, 2009 WL 1941807 * 4 (C.D. Cal. July 1, 2009); *Delino v. Platinum Community Bank*, 2009 WL 2366513 *3 (S.D. Cal. July 30, 2009).

      Additionally, only the *servicer* of a loan need respond to a QWR. 12 U.S.C. § 2605(e). A "servicer" is "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." *Id*. § 2605(i)(2). "Servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id*. § 2605(i)(3). Plaintiffs make vague and conflicting allegations regarding the roles and identities of the various defendants. Therefore, it is unclear whether Franklin Bank, One West, or IndyMac (the three defendants against whom Plaintiffs wish to pursue their RESPA claim) are or were at one time the loan servicer.

      Accordingly, this claim is dismissed and Plaintiffs are granted leave to amend to allege the contents of the QWR and to specify to whom their RESPA allegations are properly directed.

---

[3] All of the Moving Defendants erroneously assert that Plaintiffs' RESPA claim for failure to respond to their QWR is subject to a one-year statute of limitations. The statute of limitations for a claim arising under 12 U.S.C. § 2605 is three years. 12 U.S.C. § 2614.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. | | |

### E. Claims Five and Six [Fraud and Negligent Misrepresentation]

Plaintiffs' fifth and sixth claims for fraud and negligent misrepresentation must meet the heightened pleading standard of particularity under Fed. R. Civ. P. 9(b). *See Neilson v. Union Bank of California*, *N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.") In order to comply with Rule 9(b), the pleader must allege the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiffs' fifth and sixth claims do not meet this heightened standard. They contain allegations that "Defendants" (collectively) made various misrepresentations, but do not specify which defendant made them (let alone which individual employee of the defendant made them) or when they were made (or other details). Accordingly, Plaintiffs' fifth and sixth claims are dismissed without prejudice.

Defendants are incorrect that the three-year statute of limitations on these claims has run. Code Civ. Proc. § 338 provides for a three-year statute of limitations for claims of fraud or mistake, which accrues upon "*the discovery*, by the aggrieved party, of the facts constituting the fraud or mistake." Plaintiffs allege that they did not discover the alleged fraud until after they defaulted on the loan, which appears to have occurred shortly before the foreclosure sale took place on August 3, 2009. However, should Plaintiffs choose to amend these counts, they must allege the date upon which they discovered the alleged fraud and misrepresentations.

### F. Claim Seven [Unfair Debt Collection Practices]

Plaintiffs' seventh claim alleges violations of California's Rosenthal Fair Debt Collection Practices Act (RFDCPA) and the Federal Fair Debt Collection Act (FDCA).

Defendants Onewest, Deutsche, and MERS incorrectly state that "Plaintiffs are alleging that it is wrongful for negative credit to result from their failure to pay their mortgage obligations and resulting foreclosure." What Plaintiffs actually allege is that Defendants violated the RFDCPA and FDCA by reporting past due payments when (1) Plaintiffs were working in good faith to reasonably modify loan payment terms in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. | | |

accordance with the instructions they received from Defendants, and (2) Plaintiffs disputed the loan. (Compl. ¶ 84.) These allegations, taken as true, could constitute a violation of the fair debt collection statutes. *See, e.g.*, 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."); § 1692(e)(8) (making it unlawful to communicate or threaten to communicate "to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*") (emphasis added).

However, Plaintiffs' allegations fail to meet the basic pleading requirements of Rule 8(a) because they lump all of the defendants together. Some of the defendants clearly are not "debt collectors" within the meaning of the RFDCPA or FDCA. Accordingly, this claim is dismissed with leave to amend.

### G. Claim Eight [Breach of the Covenant of Good Faith and Fair Dealing]

Plaintiffs' eighth claim fails for a number of reasons. First, it fails to meet the basic pleading requirements of Rule 8(a) because it states in conclusory terms that "Defendants" used their superior knowledge to "conceal and misrepresent certain material facts." Moreover, Plaintiffs do not allege or identify what contract that they entered into forms the basis for the claim, nor the parties to that contract. Accordingly, this claim is dismissed with leave to amend.

### H. Claims Nine and Ten [Unfair Business Practices under § 17200 and Declaratory and Injunctive Relief]

Plaintiffs' ninth and tenth claims are dismissed without prejudice because they are derivative of Plaintiffs' other claims which the Court has herein dismissed.

### I. Punitive Damages

MTC seeks to strike Plaintiffs' prayer for punitive damages because Plaintiffs have not alleged a conscious disregard or extreme indifference as required under California law. Plaintiffs offer no argument on this point. Accordingly, the Court STRIKES

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. | | |

Plaintiffs' prayer for punitive damages.

### J. MTC as a Defendant

MTC argues that it is immune from liability because its conduct was privileged under Cal. Civ. Code § 47 and Cal. Civ. Code § 2924(d). Non-judicial foreclosure sales "are governed by a 'comprehensive' statutory scheme. This scheme, which is found in Civil Code §§ 2924 through 2924k, evidences a legislative intent that a sale which is properly conducted constitutes a final adjudication of the rights of the borrower and lender." *Royal Thrift and Loan Co. v. County Escrow, Inc*., 123 Cal. App. 4th 24, 32, 20 Cal. Rptr. 3d 37 (2004) (quotation and citation omitted). California Civil Code § 2924(b) expressly provides: "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Accordingly, as provided under California statutes and § 2924, to the extent MTC's conduct as trustee occurred in reliance on the lender's information, MTC is immune from liability on Plaintiffs' tort claims. *See Mbaba v. Indymac Federal Bank F.S.B.* 2010 WL 424363 (E.D. Cal. Jan 27, 2010) ("Here, to the extent Trustee Corps acts as trustee involved statutorily required mailing, publication, and delivery of notices for nonjudicial foreclosures, and the performance of statutory nonjudicial foreclosure procedures, Trustee Corps correctly asserts that these are privileged communications under the qualified privilege for a communication."). However, Plaintiffs are granted leave to amend to the extent that they can, consistent with Rule 11, allege facts sufficient to establish that the litigation privilege does not apply to MTC (*i.e.* by demonstrating bad faith). *See Owens v. Wells Fargo Bank, N.A.*, 2009 WL 3353313, *3 (N.D. Cal. Oct 16, 2009) ("Thus, to the extent [the trustee's] conduct occurred in reliance on the lender's information as provided under California statutes and § 2924, [the trustee] is immune, in the absence of allegations establishing bad faith—which have not been stated here.")

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0064 AHM (DTBx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | OLIVIA C. NEWMAN, *et al*. v. ONEWEST BANK, FSB, *et al*. | | |

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss. With the exception of the RESPA claims arising under 12 U.S.C. §§ 2707 and 2708, and the claims that Plaintiffs voluntarily agreed to abandon, dismissal is without prejudice. Any amended complaint must be filed by not later than March 15, 2010.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

| | : | |
|---|---|---|
| | Initials of Preparer | SMO |